STOULIG, Judge.
Defendant, Continental Insurance Company,[1] has appealed a judgment awarding plaintiff, Stephen C. Hartel, $961.94 plus statutory penalties and attorney fees[2] on a theft claim he made under his homeowner’s policy.
Appellant does not question the occurrence of the theft of property valued at $1,061.94 from plaintiff’s residence at 204 Beach Boulevard in Waveland, Mississippi, on January 22, 1975. Defendant rejected the claim because it relied on an exclusion it contends required the insured to actually be in residence at the home burglarized when the loss occurred. Plaintiff has a home in New Orleans where he generally spends Tuesday through Thursday and the Wave-land home where he stays Friday through Monday. Appellant’s defense rests on this clause:
“c. Theft Exclusions applicable to property away from the described premises: This policy does not apply to loss away from the described premises of:
(1) property while in any dwelling or premises thereof, owned, rented or occupied by an insured, except while an Insured is temporarily residing therein * * * n
The trial court properly held this exclusion does not apply because the policy stipulates that both the New Orleans residence and the Waveland home[3] are covered under the policy. The exclusion relates to losses away from premises that are not described in the policy; it does not relate to premises specifically listed as covered in the contract of insurance.
Defendant cites Bryan v. Granite State Insurance Company, 185 So.2d 310 (La.App.4th Cir. 1966), to support its position. In that case the court was concerned with a theft from a temporary residence where the insureds were not “in residence” at the time of the loss; however, the exclusion applied because the burglarized premises were not described in the policy. If the Waveland home had not been described in the policy, we would agree with defendant’s position.
Appellant seeks a reversal of that part of the judgment awarding attorney fees. There is nothing in the record to support its position; however, we think the trial court improperly imposed the penalty and the fee on the $100 deductible amount as well as the loss for which the insurer was liable. ($1,061.94 rather than $961.94.)
For the reasons assigned the judgment appealed from is affirmed and we recast it to reflect the amendment on penalties and attorney fees as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Stephen C. Hartel, and against the defendant, Continental Insurance Company, in the full sum of Nine Hundred Sixty-one and 94/100 Dollars ($961.94), together with 12% penalty on said amount plus 25% attorney fees. All costs of these proceedings are to be borne by defendant-appellant.

AMENDED AND AFFIRMED.

. Plaintiff’s suit against Leon Irwin and Company, Inc., his insurance agent who procured the policy, was dismissed and no appeal has been taken from this aspect of the judgment.

. R.S. 22:658.

. The residence 204 Beach Boulevard, Wave-land, Mississippi, is listed in the policy under Section II “additional residence premises, if any, located: (No., Street, Town or City, County, State, Zip Code).”