EDWARDS, Judge.
Wilmetta Ringgold appeals the trial court’s order compelling her to answer all questions pertaining to her business, professional, and personal relationship with the defendant and to pay petitioner $300.00, representing attorney’s fees plus all court costs incurred in obtaining the order to compel. We affirm.
This dispute concerns Wilmetta Ring-gold’s deposition, taken in connection with Mrs. Wilson’s rule to make past due support executory and to order an income assignment and Mr. Wilson’s rule to reduce child support. Ms. Ringgold, who is the bookkeeper for Mr. Wilson’s trucking business and the woman with whom he allegedly is living, refused to answer questions about her personal relationship with him.
Discovery may be had on any matter not privileged, so long as it is relevant to the subject of the pending action. It need not even be admissible at trial, but it must be at least reasonably calculated to lead to the discovery of admissible evidence. LSA-C.C.P. art. 1422. The trial court has reasonable discretion to refuse or limit discovery of matters not relevant, unreasonably vexatious, or tardily sought. Albright v. Prentice, 425 So.2d 336, 338 (La.App.3d Cir.1982), cert. denied, 430 So.2d 84 (La.1983).
If during a deposition a party or deponent believes it is being conducted in bad faith or in an unreasonably annoying, embarrassing, or oppressing manner, he may move for a protective order, LSA-C.C. P. art. 1444, and upon good cause shown the court may order whatever justice requires to protect a person accordingly. LSA-C.C.P. art. 1426. The party seeking relief, however, has the burden of establishing good cause, not by mere conclusory statements, but by a particular and specific demonstration of fact.” MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063, 1069 (La.1985). Although Ms. Ringgold did not assert any privilege or seek a protective order, this failure does not operate as a forfeiture of her right to request relief in opposition to a motion to compel. Id.
To determine whether the court erred in granting the order to compel, we must balance the nature and character of the information sought in light of the factual issues involved against the hardships that would be caused by the court’s order. Id. We find no abuse of discretion in the trial judge’s order to Ms. Ringgold to answer questions relating to her business, professional, and personal relationship with Mr. Wilson. Because the rule is for past due support, Mr. Wilson’s financial situation is at issue, and the questions regarding Ms. Ringgold’s business, professional, and personal relationship with him were calculated to lead to the discovery of such evidence. Ms. Ringgold’s conduct having necessitated this motion to compel, the court was correct in requiring her to pay the expenses incurred in obtaining this order. See LSA-C.C.P. art. 1469(4).
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.