615 So.2d 923 (1993)
Stephen J. LEHMANN and Sherrie Lehmann
v.
AMERICAN SOUTHERN HOME INSURANCE COMPANY, Charles Greer and Lou Ann Greer.
No. 92 CW 1101.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Writ Denied May 7, 1993.
Tom Matheny, Hammond, for defendants.
Henry T. Dart, Metairie, for plaintiffs.
*924 Before CARTER, LeBLANC and PITCHER, JJ.
CARTER, Judge.
This matter is on remand from the Louisiana Supreme Court.

FACTS
The following facts are alleged in the Lehmanns' petition. On June 28, 1990, Stephen J. Lehmann and his wife, Sherrie, were visiting the home of Charles and Lou Ann Greer in Lacombe, Louisiana. As they were leaving the Greer home, Stephen slipped and fell on a piece of wet carpet covering the concrete steps leading out of the home. As a result of this fall, Lehmann suffered serious injuries to his lower back, aggravating a preexisting spondylolisthesis, as well as other damages. Sherrie Lehmann allegedly suffered loss of consortium, loss of spousal support, loss of spousal services, and mental anguish from witnessing her husband's injury.
On June 26, 1991, the Lehmanns filed the instant suit for damages against the Greers and their homeowner's insurer, American Southern Home Insurance Company ("American"). By letter dated April 12, 1991, the Lehmanns sent medical bills and a demand for settlement of their claim to American. The Lehmanns allege that they did not receive a settlement offer from American, which constitutes an arbitrary and capricious failure to reasonably settle his claim in violation of LSA-R.S. 22:658 and 1220.
On September 27, 1991, the Lehmanns served interrogatories and requests for production upon American. After the delays for responding had expired, the Lehmanns filed a rule to compel discovery. In their rule, the Lehmanns alleged that they had noticed the deposition of American's adjuster, Dwight Gradney, but that, upon advice of defense counsel, Gradney did not appear. In response to the rule, American stated that the interrogatories and requests for production had been answered and the documents produced. However, the Lehmanns contended that American had produced only a small portion of the claims file on the grounds that the remainder of the information contained in the file was privileged.
On February 25, 1992, pursuant to a subpoena duces tecum which ordered him to produce the original of the entire claims file, the Lehmanns took Gradney's deposition. However, upon advice of defense counsel, Gradney did not produce the file contents. Plaintiffs also asked Gradney certain questions, which defense counsel instructed him not to answer.
On March 24, 1992, the Lehmanns again filed a rule to compel discovery, requesting that the entire claim file be produced to the court for an in camera inspection so that the court could determine which documents, if any, were privileged.
On May 28, 1992, the trial court granted the interlocutory order, requiring American to produce to the court, within thirty (30) days, for in camera inspection, those portions of the home office claims file and field claims file on which American claims a privilege and the production of the balance of the claims files to the Lehmanns. The trial court also ordered that Dwight G. Gradney answer certain questions certified by the court reporter.
American filed an application for supervisory writs with the First Circuit Court of Appeal, which was denied on July 20, 1992. American then filed a writ application with the Louisiana Supreme Court, which was granted. The Supreme Court remanded the matter to the First Circuit for briefing, argument, and opinion. 604 So.2d 959.

DISCUSSION
LSA-R.S. 22:1220 establishes plaintiffs' cause of action for an insurance company's bad faith refusal to settle claims. The statute provides, in pertinent part, as follows:
The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims *925 with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach. (Emphasis added.)
In order to recover damages for an alleged breach of the insurer's duties, the Lehmanns must show that American failed to make a "reasonable effort to settle" their claim. However, the Lehmanns contend that the only tangible evidence of American's fairness, promptness, or reasonable effort to settle their claim lies in the claims files themselves. Therefore, we must determine whether the documents withheld by American within the claims files and the information sought in the deposition of Gradney are discoverable.
In Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d 125, 129 (La.1983) the Louisiana Supreme Court set forth the basic objectives of the Louisiana discovery process as follows:
(1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.
LSA-C.C.P. articles 1422 through 1425 define the scope of permissible discovery and are applicable to all discovery devices. LSA-C.C.P. art. 1422; Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d at 129. Generally, these articles permit discovery regarding any matter, not privileged, which is relevant to the subject matter of the action. LSA-C.C.P. art. 1422; Cantrelle Fence & Supply v. Allstate Insurance Company, 550 So.2d 1306, 1309 (La.App. 1st Cir.1989), writ denied, 559 So.2d 123 (La. 1990). LSA-C.C.P. article 1422 traces the language of Federal Rule 26(b)(1) and provides that the matter sought to be discovered must be relevant to "the subject matter involved in the pending action."
The test of discoverability is not the admissibility of the particular information sought, but whether the information appears reasonably calculated to lead to the discovery of admissible evidence. Guy v. Tonglet, 379 So.2d 744, 745 (La.1980); Ward v. Tenneco Oil Company, 564 So.2d 814, 822 (La.App. 3rd Cir.1990). Moreover, the criteria of this rule are whether it is practicable and feasible to answer the inquiry and, if so, whether an answer might expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence. MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063, 1067 (La.1985).
Even though a writing may be deemed relevant and not privileged, it may still be immune from discovery under LSA-C.C.P. art. 1424, if prepared in anticipation of litigation by the adverse party, his attorney, surety, indemnitor, expert, or agent. This immunity, however, is qualified.
A trial court has broad discretion in discovery matters, including discretion to deny discovery. Laburre v. East Jefferson General Hospital, 555 So.2d 1381, 1385 (La.1990). The trial court has the discretion to order the production of a writing prepared in anticipation of trial, if it is convinced that the denial of production will unfairly prejudice the party seeking the production or inspection in preparing his claim or will cause him undue hardship or injustice. Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d at 131. The trial court also has reasonable discretion to refuse or limit discovery of matters not relevant, unreasonably vexatious, or tardily sought. Wilson v. Wilson, 525 So.2d 671, 672 (La.App. 1st Cir.1988); Albright v. Prentice, 425 So.2d 336, 338 (La.App. 3rd Cir.1982), writ denied, 430 So.2d 84 (La.1983).
Discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d at 129. In determining whether the trial court erred, *926 this court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order. See Wilson v. Wilson, 525 So.2d at 672.
In the instant case, the Lehmanns' suit alleges damages for the arbitrary and capricious refusal of American to settle the Lehmanns' claim. Therefore, any documents which contain information regarding settlement of the claim and actions or inactions taken or discussed by American are relevant to the subject matter of the action for arbitrary and capricious refusal to settle the insurance claim. The claims files which the Lehmanns seek to discover represent, perhaps, the only records of American's actions regarding settlement of the Lehmanns' claim. For the most part, the Lehmanns will be unable to obtain the substantial equivalent of the file information since the accuracy of the materials cannot be duplicated by depositions of American's officers or agents who must rely upon their memories. Thus, the nonproduction of these documents would unfairly prejudice the Lehmanns in preparing their claim against American.
The trial court ordered American to produce the entire claims file with the court, so that the court could inspect the documents, in camera, and determine which documents, if any, were privileged. McHugh v. Chastant, 503 So.2d 791, 794 (La.App. 3rd Cir.1987). We find this procedure to be appropriate in the instant case. The value of the information sought by the Lehmanns is critical to their claim for damages for refusal to settle. The manner in which the trial court has required the production of the information results in minimal interference with the rights of or prejudice to American in light of the hardship that would be caused by the court's refusal to produce the information requested.
For these same reasons, the trial judge ordered Gradney, the claims adjuster for American, to answer the four questions certified by the court reporter.[1] American did not argue in its writ application that any of the questions certified were objectionable for any reason other than that such information was non-discoverable. As noted earlier, because the Lehmanns' claim for damages includes a request for damages pursuant to LSA-R.S. 22:1220, we find that such information is discoverable.
Therefore, we find that the trial court did not err in requiring American to produce for an in camera inspection those portions of the office claims and field claims files on which the privilege is asserted, to produce the balance of the claims files, and to require Gradney to answer the four certified questions.

CONCLUSION
For the foregoing reasons, the ruling of the trial court sustaining the motion to compel is affirmed. American is assessed with all costs.
AFFIRMED.
NOTES
[1] The four certified questions are as follows:

1. In the Lehmann case, did the insurance company give you any authority?
2. You didn't discuss any amounts that the company would be willing to pay in this case?
3. Did you make any recommendations for settlement of this case, the Lehmann case?
4. When you had these conversations with either Schultz or Medley, would you give a recommendation as to how much you thought the case was worth?