625 So.2d 540 (1993)
Dana D'ABREU and Chela D'Abreu
v.
DIESEL POWER INTERNATIONAL, INC., Insurance Company of North America, Glen Price, Colette Ricaud and Government Employees Insurance Company.
No. 93-CA-28.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 1993.
*541 Gerald Thomas Laborde, Gretna, for plaintiffs/appellants Dana D'Abreu and Chela D'Abreu.
Temple A. Stephens, New Orleans, for defendant/appellee Ins. Co. of North America.
Before KLIEBERT, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Dana D'Abreu, appeals from a judgment which granted a peremptory Exception Of No Right Of Action in favor of defendant, Insurance Company of North America (INA). The exception was filed in response to Plaintiff's First Amended Petition pursuant to La.R.S. 22:1220. We reverse and remand, because plaintiff has a right of action under La.R.S. 22:1220.
On July 7, 1987 plaintiff filed suit for personal injuries arising out of an automobile collision. She was struck from behind by defendant, Glenn Price, who in turn, was struck by a car driven by defendant, Colette Ricaud. At the time of the accident, Price allegedly was in the course of his employment with Diesel Power International (Diesel). Diesel was insured by INA and Ricaud was insured by Government Employees Insurance Company (GEICO). In 1988, Ricaud and GEICO were dismissed from the suit.
On July 23, 1992 Plaintiff's First Amended Petition was filed, pursuant to the 1990 enactment of La.R.S. 22:1220 (effective July 6, 1990). It contended that, since all discovery relative to Dana D'Abreu had been completed on July 21, 1992, INA breached its duties under La.R.S. 22:1220 by allowing more than 60 days to pass after receiving "suitable information to deal fairly and reasonably with the plaintiff to make a fair and reasonable offer of settlement and/or compromise".
On August 6, 1992 INA filed a peremptory Exception Of No Right Of Action under La. R.S. 22:1220. It asserted that the statute, requiring payment within 60 days of adequate proof of loss, applies only to the insured under the insurance contract and not to a third party plaintiff. The exception was granted on September 30, 1992.[1]
On appeal, plaintiff asserts that the trial judge erroneously interpreted the statute. She contends that the statute contains both the words "insured" and "claimant", which indicates that the legislature intended it to apply to both. She asserts that "insured" is more restrictive than "claimant" and that the legislature would not have used "claimant" if it did not intend for the statute to apply to a plaintiff who is not the insured.
INA contends that the 60-day provision in Section (B)(5) requires payment to be made within 60 days of proof of loss to the "person insured under the contract", not the plaintiff herein. Thus, INA concludes that the trial judge properly granted the exception.
La.R.S. 22:1220 states as follows:
§ 1220. Good Faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue.
2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without *542 notice to, or knowledge or consent of, the insured.
4) Misleading a claimant as to the applicable prescriptive period.
5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate fillings.
D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.
E. This Section shall not apply to industrial and burial insurance companies, as provided for in R.S. 22:251 and 253 or to any insurer that markets under the Home Service Marketing distribution method and issues a majority of its policies on a weekly or monthly basis.
F. The Insurance Guaranty Association Fund, as provided in R.S. 22:1375 et seq., shall not be liable for any special damages awarded under the provisions of this Section. (Emphasis Added).
There is little caselaw interpreting this statute. Only two recent cases have discussed the statute directly in reference to a third-party claimant.[2]
In Dier v. Hamilton, 600 So.2d 117 (La. App. 2nd Cir.1992), a legal malpractice plaintiff was awarded legal interest on the settlement funds, but was denied penalties and attorney fees under La.R.S. 22:1220. Concerning the claim for penalties and attorney fees, the Second Circuit found that there was no evidence to justify the award under 22:1220(B)(2), failure to pay a settlement within thirty days after an agreement is reduced to writing, because the settlement was not reduced to writing until shortly before the hearing. The court also found that R.S. 22:1220(B)(5), the 60-day provision, was inapplicable because "this statute applies only to claims due to an `insured'." Dier, 600 So.2d at 121. The court stated that, even if it applied, there was no showing of arbitrary, capricious conduct or that the failure to pay was without probable cause, Dier, 600 So.2d at 121.
In Hernandez v. Continental Casualty Insurance Co. 615 So.2d 484 (La.App. 4th Cir. 1993), writ denied, 620 So.2d 850 (La.1993), plaintiffs, injured in an automobile accident, sought relief under La.R.S. 22:1220 as well as damages for their injuries. After amending and affirming the damages, the 4th Circuit analyzed the statute in conjunction with a previously non-published case from their circuit. They concluded that the statute is penal in nature and must be strictly construed. A strict construction, they decided, precluded any claims which do not fall within the five designated acts specified as breaches of insurers duty in Subsection (B). Since plaintiffs there did not allege a breach of one of the five acts, but only that the insurer failed to make reasonable efforts to settle as required by R.S. 22:1220(A), the court ordered that plaintiffs' suit be dismissed.
Judge Steven Plotkin dissented from the majority opinion, concluding that the statute was intended to expand the affirmative duties owed by an insurance company by adding a new group of persons to whom a duty is owed. Judge Plotkin stated that Subsection A imposes two separate duties, one to the "insured" (of good faith and fair dealing) and one to the third party "claimant" (to make a reasonable effort to settle their claims). Concerning subsection B, he concluded that the five acts described therein are not exclusive acts of a breach of the *543 insurer's duty because none relate to the second sentence of subsection A, describing the insurer's duty to adjust and settle claims. To read the list as exclusive would, he asserts, make the second sentence of Subsection A meaningless. He concluded, as well, that the subsection B list is illustrative of the most common ways that insurers breach the general duty of good faith and fair dealing established by the first sentence of Subsection A, and that the subsection B list does not refer to the duty to adjust and settle claims because those are in addition to, and self-explanatory.[3]
Our review of La.R.S. 22:1220 discloses that Section A is clear in meaning, while Section B(5) is somewhat ambiguous. Thus, in order to interpret this statute, we must be guided by the principles set forth in La.C.C. arts. 9-13.
La. C.C. Art. 9 requires the court to apply the law as written when it is clear and does not lead to absurd consequences. Language of a law which is susceptible of different meanings must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. Words of art and technical words must be given the prevailing technical meaning when the law involves technical matters. La. C.C. art. 11. However, when the words of a law are ambiguous, the meaning is to be determined by an examination of the context in which they occur, and of the text as a whole. La. C.C. art 12. And, laws on the same subject matter, must be interpreted with reference to each other. La. C.C. art. 13.
La.R.S. 22:1220 is part of the Insurance Code's Unfair Trade Practices Act. La.R.S. 22:1211 et seq. The act defines and provides sanctions for "unfair claims settlement practices" by insurers. See: La.R.S. 22:1214, 22:1217. In 1990, the act was expanded to include R.S. 22:1220 entitled "Good faith duty; claims settlement practices; cause of action; penalties". This provision is in addition to the duties and penalties set forth in La.R.S. 22:658, which includes among insureds, "any party in interest" and "third-party claimants". See: La.R.S. 22:658(A)(1); R.S. 22:658(A)(2), R.S. 22:658(B)(4); 22:658(C)(1) and R.S. 22:658(C)(3).
A critical commentary of R.S. 22:1220 is provided in W. McKenzie & H. Johnson, Insurance, 51 La.L.Rev. 249 (1990). The authors state that the statute derives from the "patchwork approach" taken by the legislature to the problems inherent in the claims process. Id. at 253. They contend that this approach "aggravates and illustrates the need for comprehensive revision of the Insurance Code" since the last revision occurred in 1958 and many areas are "plastered with a confusing array of legislative bandaids". Id. at 254. Consequently, the courts are left with the job of interpreting statutory mandate which is neither clear in purpose nor meaning.
In keeping with the Civil Code requirements for interpretation of statutes (La. C.C. arts. 9-13 supra), we have reviewed the statute language, the context of the words, the statute as a whole and the other statutory provisions involving penalties. We conclude, and are in agreement with Judge Plotkin's dissent in Hernandez, that R.S. 22:1220, Section A, sentence two, provides an additional, self-explanatory duty on the insurers to adjust and settle claims reasonably. Also, that duty extends to third-parties by the clear language of the sentence. The sentence refers to "insured or the claimant, or both". The words are not mere surplusage. The use of the word "both" and the specific separation of the word "insured" from the word "claimant" shows a specific legislative intent to extend the duty to a third-party. This is supported by a review of R.S. 22:658, wherein the legislature distinguishes "third-party claimant" from "insured". Thus, since we find sentence two of Section A of R.S. 22:1220 clear and unambiguous, it must be interpreted accordingly. See: La.C.C. art. 9.
*544 Consequently, we find that a third-party claimant has a right of action for relief under Section A.
R.S. 22:1220, Section (B)(5), on the other hand, states a penalty for failure to pay the amount of any claim which is "due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant ..." The use of both "insured person" and "claimant" creates an ambiguity. However, the context of the paragraph convinces us that the legislature intended the 60 day penalty paragraph to apply only to insureds. We find that the word "insured" is a technical insurance term, and as it is used in a technical insurance law, it must be given its technical meaning. In this case, the insured and insured person technically means the party or parties named or included in the insurance policy. See: La.C.C. art. 11. Thus, we conclude that there is no right of action by third-party claimants to relief under subsection (B)(5).
The purpose of the peremptory exception of no right of action is to test whether the plaintiff has the capacity to file the action or has an interest in enforcing the matter asserted. See: La.C.C. art. 927; G.I. Joe, Inc. v. Chevron, U.S.A., Inc., 561 So.2d 62 (La.1990); Ventura v. Cox Cable Jefferson Parish, 583 So.2d 1237 (La.App. 5th Cir. 1991), writ denied 588 So.2d 1117 (La.1991). When considering the exception, the court must look at whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether the plaintiff has an interest in judicially enforcing the right asserted. Duplessis Cadillac v. Creative Credit, 597 So.2d 1155 (La.App. 1st Cir.1992). In this case, we have concluded that a third-party plaintiff has a right of action under the second sentence of La.R.S. 22:1220(A), but not R.S. 22:1220(B)(5). Plaintiff, here, is a third-party plaintiff, who belongs to the particular class to enforce that right. Thus, the judgment of the trial court is reversed and remanded for the aforementioned reasons.
Accordingly, the judgment dismissing the action by plaintiff on the basis of the Exception Of No Right Of Action is hereby reversed. The case is remanded for further proceedings.
Costs are to be paid by appellee.
REVERSED AND REMANDED.
NOTES
[1] Plaintiffs originally filed for supervisory relief and a timely devolutive appeal. Because this was an appealable issue, the writ application was granted for the limited purpose of ordering the trial judge to grant a devolutive appeal to plaintiff.
[2] The statute was referred to in Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1st Cir.1992) and Francis v. Travelers Insurance Company, 581 So.2d 1036 (La.App. 1st Cir.1991). However, in those cases the claimants for penalties under La.R.S. 22:1220 were "insureds" in that they were either driving or passengers in the insured vehicles. Thus, in those cases, this issue did not arise.
[3] In Lehmann v. American Southern Home Ins. Co., 615 So.2d 923, (La.App. 1st Cir.1993), writ denied, 617 So.2d 913 (La.1993), the plaintiff sought damages under the statute based on the insurer's failure to make reasonable efforts to settle under Section A. However, the question of whether or not the third party plaintiff had a right of action was not put at issue. The court instead was solely concerned with a question of discovery related to the action. The right of action was presumed.