633 So.2d 764 (1994)
Alice F. TARVER, wife of/and Alvin Tarver
v.
ECKSTEIN MARINE SERVICE, INC. and LaPlace Towing Corporation.
Nos. 93-CA-796, 93-CA-797.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1994.
*765 Stanley J. Cohn, Scott R. Wheaton, Jr., Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, for appellants Eckstein Marine Service, Inc. and LaPlace Towing Corp.
Charles R. Ward, Jr., Murray Law Firm, New Orleans, for appellees Alice and Alvin Tarver.
George M. Legrand, T.A., Franck F. LaBiche, Jr., New Orleans, for appellees Wheeler Grain Co., Inc. and John L. LeGrand.
Before KLIEBERT, C.J., and GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Eckstein Marine Service, Inc. and LaPlace Towing Corporation (hereinafter referred to as Eckstein), appeal from a judgment in favor of Alice Tarver, Alvin Tarver (Tarver), Wheeler Grain Company and John LeGrand (hereinafter referred to as Wheeler), for interest on a settlement and penalties for failure to pay within thirty days under La.R.S. 22:1220 B(2). We reverse because the penalty provision of R.S. 22:1220 is only applicable to insurers and because the settlement agreements do not provide for a penalty if not paid within a particular time.
These consolidated marine actions involve the collision between the M/V WHITE KNIGHT and M/V JEFFERSON on February 22, 1990 on the Mississippi River. The M/V Jefferson, owned and operated by Eckstein, collided with the M/V WHITE KNIGHT, owned and operated by Wheeler. Tarver was injured in the collision and the Wheeler vessel was damaged. Both Tarver and Wheeler filed suit against Eckstein on February 19 and 20, 1991, respectively. Subsequently, Eckstein filed a third-party action and a separate reconventional demand against Wheeler.
On March 25, 1993 Tarver and Wheeler executed settlement agreements with Eckstein. In the compromise documents, Eckstein agreed to pay Tarver $206,000 and Wheeler $60,000.
On June 3, 1993, Tarver and Wheeler filed a Motion to Enforce Settlement because Eckstein had not paid the settlement amounts. Included was a request for penalties, attorney fees and costs. A hearing on the matter was held on June 25, 1993 and the trial judge took it under advisement. Later that same afternoon, Eckstein tendered the settlement amount, which was refused by Tarver and Wheeler. On July 7, 1993, the trial judge rendered judgment declaring the enforcement request moot and awarding penalties to Tarver of $7,215 and Wheeler of $2,100.
Eckstein first appeals the award of penalties contending that the statutory law relied on by the trial judge regulates insurers only and is inapplicable because defendants are not insurers by definition of the insurance code. Second, Eckstein argues that, in the absence of statutory authority, the award of penalties was erroneous because the settlement agreements do not specify a time period in which the settlement had to be paid in order to avoid penalty.
Tarver and Wheeler argue that the settlement funds are being paid by several foreign insurance companies (admitted to by Eckstein), and thus, the statutory penalty provision should be applied.
We will consider whether R.S. 22:1220 applies in this case, whether the parties are controlled by said statute and whether the settlement agreements establish a time period for payment.
R.S. 22:1220 was added to the insurance code in Acts 1990, No. 308 § 1, eff. July 6, 1990. Because the statute adds duties to the insurer, it reflects a substantive change requiring prospective application only La.C.C. art. 6, La. R.S. 1:2; Del-Remy Corp. v. Lafayette Ins. Co., 616 So.2d 231 (La.App. 5th Cir.1993). However, we find that R.S. 22:1220 applies in this case. Even though *766 the accident occurred (February 22, 1990) before the effective date of the statute (July 6, 1990), the failure to pay the settlement within thirty days after the settlement is reduced to writing occurred (30 days after March 25, 1993), after the effective date of the statute (July 6, 1990). We find that the conduct that gives rise to the claim is the untimely payment of the settlement and not the collision of the vessels.
The present case is distinguishable from previous decisions of this court. See: Gretna Realty Co. v. Hartford Steam Boiler, 617 So.2d 215 (La.App. 5th Cir.1993). A boiler broke during a freeze in 1989 and the insurer denied the claim. Del-Remy Corp. v. Lafayette Ins. Co., 616 So.2d 231 (La.App. 5th Cir.1993). Fire damages occurred prior to the effective date of the statute. Hidalgo v. Old Hickory Ins. Co., et al, 93-CA-26, 630 So.2d 252 (La.App. 5th Cir.1993). An automobile accident happened prior to July 1990. In each of these prior decisions, the event giving rise to the demand for penalties under R.S. 22:1220 were, respectively, the boiler breaking, fire and car accident. The claims in Del-Remy and Hidalgo were made under the R.S. 22:1220 A general duty of the insurer to promptly and make reasonable efforts to settle claims. In Gretna, the claim was made on the basis of R.S. 22:1220 B(5), the failure to pay within 60 days after receipt of satisfactory proof of loss. In those cases, the events which triggered the duty were either the general duty (Del-Remy and Hidalgo) or failure to pay upon satisfactory proof of loss, all of which were triggered by acts which occurred prior to July 6, 1990.
In this case, we are concerned with R.S. 22:1220 B(2). R.S. 22:1220 B lists duties which are imposed on the insurer, in addition to the general duty set out in R.S. 22:1220 A R.S. 22:1220 B(2) allows for the recovery of penalties when the insurer fails to pay a settlement within thirty days after an agreement is reduced to writing. Until an agreement is reduced to writing and thirty days have elapsed, that provision does not apply to the insurer's action and a claim cannot be made under B(2).
In this case, unlike the previous decisions, the triggering event for the claim of penalties is the failure of the insurer to pay the settlements within thirty days from the date the March 25, 1993 agreements were reduced to writing. Thus, retroactivity is not an issue since the "claim" arose after the effective date of the statute.
R.S. 22:1220 states as follows:
§ 1220. Good Faith duty; claims settlement practices; cause of action; penalties:
A. An insurer including but not limited to a foreign line and surplus line insurer owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer constitutes a breach of the insurer's duties imposed in Subsection A of this section:
1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent, of the insured.
4) Misleading a claimant as to the applicable prescriptive period.
5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such *767 penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
D. The provisions of this Section, shall not be applicable to claims made under health and accident insurance polices.
E. This Section shall not apply to industrial or burial insurance companies, as provided for in R.S. 22:251 and 253 or to any insurer that markets under the Home Service Marketing distribution method and issues a majority of its policies on a weekly or monthly basis.
F. The insurance Guaranty Association Fund, as provided in R.S. 22:1375 et seq., shall not be liable for any special damages awarded under the provisions of this Section.
(Emphasis added).
In La.R.S. 22:5(2) the definition of insurer states:
2) "Insurer" includes every person engaged in the business of making contracts or insurance, other than a fraternal benefit society. A reciprocal, an inter-insurance exchange or a Lloyds organization is an "insurer". Any person who provides an employee benefit trust as specified in R.S. 22:5(1) is an insurer. A health maintenance organization is an insurer but only for the purpose enumerated in R.S. 22:2002(7).
A court must apply the law as it is written when it is clear and does not lead to absurd consequences. La.C.C. art. 9; D'Abreu v. Diesel Power International, Inc., 625 So.2d 540, No. 93-CA-28 (La.App. 5th Cir.1993). But, when the language is susceptible of two different meanings, the proper interpretation is that which best conforms to the purpose of the law. La.C.C. art. 10; D'Abreu at 543. In interpreting ambiguous words of the law, the meaning is to be determined by an examination of the context in which they occur, and of the text as a whole. La.C.C. art. 12.
Words of art and technical words must be given the prevailing technical meaning when the law involves technical matters. La.C.C. art. 11, D'Abreu at 543. Laws on the same subject matter must be interpreted with reference to each other. La.C.C. art. 13; D'Abreu at 543.
The statutory provision at issue here is part of the Insurance Code's Unfair Trade Practices Act. La.R.S. 22:1211 et seq. It's purpose is to regulate the trade practices in the business of insurance by defining conduct which constitutes unfair methods of competition and unfair or deceptive acts and practices. R.S. 22:1211.
R.S. 22:1220A imposes a good faith duty on "insurers" in the conduct of settling and payment of claims. It provides for the assessment of penalties and attorney fees for the violation by an "insurer" of the duties described in the provision, which we have held, partially applies to third-party claimants, as well as insureds. D'Abreu at 544. Insurers are defined by the Insurance Code to include those engaged in the business of insurance. R.S. 22:5(2).
We have reviewed the words of the statute in keeping with the Civil Code requirements for interpreting the language of laws. (La. C.C. arts. 9-13, supra.). In doing so, we have considered the language of R.S. 22:1220, specifically Sections A and B(2), the definition of insured in R.S. 22:5(2), the context of the words, the Unfair Trade Practices section wherein the provision is located and other provisions of the Insurance Code involving penalties. After our review, we conclude that the penalties permitted by R.S. 22:1220 B(2) apply only to insurers, those who are in the business of insurance and not to a tortfeasor, who may have insurance, which will ultimately pay the judgment.[1] *768 Consequently, we find that the trial judge erred in awarding penalties on the basis of R.S. 22:1220, and thus, the judgment is reversed.
In the absence of a statutory provision, the only basis for an award of penalties would be the contractual provisions. Since no provision of the settlement agreements provide for a time period for payment of the funds, the contracts do not support an award of penalties. Thus, we find the appellants cannot be assessed penalties under the settlement contracts.
Accordingly, the judgment of the trial judge awarding penalties against Eckstein Marine Service, Inc. and LaPlace Towing Corporation is hereby reversed.
Costs are to be paid by Alvin Tarver and Wheeler Grain Company and John LeGrand.
REVERSED.
KLIEBERT, Chief Judge, concurring.
I concur in the results reached by the majority but for different reasons. The majority opinion holds that LSA-R.S. 22:1220, applies to this case because the complained-of conduct occurred after the effective date of the statute. However, jurisprudence of the circuit courts holds that the date of applicability is the date of the underlying event; here, the collision between the vessels, and not the date of the complained-of conduct of the settling parties. The Supreme Court has not yet ruled on this issue, and we do not concur in the distinction drawn by the majority opinion.
In Hidalgo v. Old Hickory Ins. Co., et al, 93-0026, p. 8, 630 So.2d 252, 259 (La.App. 5 Cir.1993) we stated: "We further conclude that the trial court correctly declined to apply the statutory penalty provisions of LSA-R.S. 22:1220 to this case. That statute imposes on the insurer a substantive duty of good faith and fair dealing in the settlement of claims. Thus, LSA-R.S. 22:1220 cannot be applied retroactively to a claim, such as plaintiff-appellee's, which arose before the statute's effective date. See Rusch v. Cook."[1]Rusch unequivocally defines the date the claim arises as the date of the underlying event and not the date of the complained-of conduct. Additionally, two other recent cases from this circuit also declined to apply LSA-R.S. 22:1220 to cases where the underlying event occurred before the effective date of the statute. See Gretna Realty Co. v. Hartford Steam Boiler, 617 So.2d 215 (La.App. 5 Cir.1993) and Del-Remy Corp. v. Lafayette Ins. Co., 616 So.2d 231 (La.App. 5 Cir.1993). Therefore, I disagree with the majority's finding that LSA-R.S. 22:1220 is applicable to this case.
NOTES
[1] While our research fails to disclose cases involving our facts, there is jurisprudence denying penalties under R.S. 22:657 and 658 on the basis that the defendant employer is not an insurer for purposes of the penalties statutes. See: Segura v. Travelers Insurance Co., 535 So.2d 40 (La.App. 3rd Cir.1988), (Non-insurer defendant is not subject insurance code penalties even if it acts like an agent for its insurer.); Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978), (An employer providing long term disability through a trust plan for its employees is not an "insurer" for purposes of the penalty provisions of R.S. 22:657 relative to health and accident insurance contracts).
[1] Rusch is now found at 619 So.2d 122.