# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CECELIA PERKINS

VERSUS

NUMOTION AND/OR UNITED SEATING
AND MOBILITY, L.L.C., AND
PRIDE MOBILITY PRODUCTS
CORPORATION

---

In Re:   Numotion and/or United Seating and Mobility, LLC and
         Pride Mobility Products Corporation, applying for
         supervisory writs, 19th Judicial District Court,
         Parish of East Baton Rouge, No. 668177.

---

**BEFORE:   WHIPPLE,   C.J.,   GUIDRY,   HIGGINBOTHAM,   CHUTZ,   AND
LANIER, JJ.**

**WRIT GRANTED.**   The district court's September 17, 2020
judgment, granting plaintiff/respondent, Cecelia Perkins's,
Motion to Compel Discovery is reversed.   An admission by a party
in a pleading constitutes a judicial confession, which has the
effect of waiving evidence as to the subject of the admission.
**C.T. Traina, Inc. v. Sunshine Plaza, Inc.,** 2003-1003 (La.
12/3/03), 861 So.2d 156, 159 (per curiam).   Defendants/relators,
Numotion and/or United Seating and Mobility, LLC and Pride
Mobilitly Products Corporation, judicially confessed to sole
fault in their Amended Answer to the Petition for Damages and
the Restated Petition for Damages.   Accordingly, depositions
concerning defendants' fault do not expedite the litigation,
narrow the area of controversy, or otherwise avoid unnecessary
testimony. See **Lehmann v. American Southern Home Ins. Co.,** 615
So.2d 923, 925 (La. App. 1st Cir.), writ denied, 617 So.2d 913
(La. 1993).   Accordingly, Perkins's Motion to Compel Depositions
is denied.

**JMG**
**TMH**
**WRC**
**WIL**

**Whipple, C.J.,** dissents.   Discovery serves the purpose of
affording the parties a full and fair opportunity to obtain
facts pertinent to litigation; discovering the true facts and
compelling disclosure of these facts wherever they may be found;
assisting litigants in preparing their cases for trial;
narrowing and clarifying the basic issues between the parties;
and facilitating and expediting the legal process by encouraging
settlement or abandonment of less than meritorious claims.   The
discovery statutes are therefore liberally and broadly construed
to ensure these objectives are met.   **Quality Environmental
Processes, Inc. v. I.P. Petroleum Co., Inc.,** 2013-1582 (La.
5/7/14), 144 So.3d 1011, 1026.   Further, a party generally may
obtain discovery of any information which is relevant to the
subject matter involved in the pending action.   La. Code Civ. P.
art. 1422.   Moreover, a trial court has broad discretion in
ruling on discovery matters.   **Id.**

I find the trial court did not abuse its broad discretion in granting plaintiff's Motion to Compel Depositions, as information revealed therein may allow for the development of additional claims on behalf of plaintiff or others. Additionally, as these depositions will be conducted virtually, and do not necessitate the need for travel to Pennsylvania, any additional expenses incurred in their taking would be minimal. Accordingly, I would deny the writ and allow depositions of the identified Pride employees to take place.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT