# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CECELIA PERKINS

VERSUS

NUMOTION AND/OR UNITED SEATING AND
MOBILITY, L.L.C., AND PRIDE MOBILITY
PRODUCTS CORPORATION

**JANUARY 11, 2021**

---

In Re: Cecelia Perkins, applying for rehearing, 19th Judicial District Court, Parish of East Baton Rouge, No. 668177.

---

**BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD, McCLENDON, THERIOT, HOLDRIDGE, CHUTZ, PENZATO, LANIER, WOLFE, AND HESTER, JJ.**

**APPLICATION FOR REHEARING GRANTED IN PART; DENIED IN PART. WRIT GRANTED IN PART; DENIED IN PART.** This court recognizes that in its October 22, 2020 ruling, it erroneously stated defendant, Numotion and/or United Seating and Mobility, LLC ("Numotion"), judicially confessed to fault concerning the underlying accident. As such, this court grants plaintiff's application for rehearing in part in order to amend its previous ruling, noting that only defendant, Pride Mobility Products Corporation ("Pride"), judicially confessed to sole fault in its Amended Answer to the Petition for Damages and the Restated Petition for Damages. Plaintiff's claims, including issues of fault and damages, remain pending against Numotion. Furthermore, this court grants plaintiff's application for rehearing in part, to allow for the depositions of the identified Pride employees to occur, but limiting the scope of those depositions by prohibiting questions that are relevant solely to the fault of Pride in causing the accident at issue, since Pride has judicially confessed such fault. Information from the identified Pride employees regarding possible joint liability with and/or comparative fault of Numotion, whether Numotion had knowledge of the defect, the relationship between Pride and Numotion, product recalls, and/or any other issue having relevance in this matter independent of the issue of Pride's fault in causing the accident is discoverable. In all other respects, plaintiff's application for rehearing is denied.

PMc
WRC
WIL
EW
CHH

**Holdridge, J.,** concurs. I write to further emphasize that the issue of the comparative fault of all of the parties must be determined by the jury after the trial. In accordance with Louisiana Civil Code article 2323(A), the "percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . ." While Pride has confessed to its fault, that judicial confession does not preclude the plaintiff from proving or the jury from finding a percentage of fault on other parties. On the jury verdict form and in the jury

instructions, the court must state that there is no issue as to Pride's fault but that the jury must decide the issue as to the fault of any other defendants and must quantify the percentages of fault attributed to each defendant. A defendant, like Pride, does not get to judicially confess "sole fault" and preclude the plaintiff from proving the fault of other parties.

**Whipple, C.J.**, concurs in part and dissents in part. Pretermitting whether we should address the discovery order at issue in this matter, based on **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (per curiam), I agree with the majority on rehearing that the depositions of the Pride employees should take place, but would allow for such depositions to be conducted without any limitation or restrictions as initially ordered by the district court. Louisiana's discovery statutes are to be liberally and broadly construed to achieve their intended objectives. **Hodges v. Southern Farm Bureau Casualty Insurance Co.**, 433 So.2d 125, 129 (La. 1983). Moreover, district courts have broad discretion in ruling on pre-trial discovery, and an appellate court should not upset such rulings absent an abuse of that discretion. **Ghassemi v. Ghassemi**, 2007-1927 (La. App. 1st Cir. 10/15/08), 998 So.2d 731, 750, writs denied, 2008-2674 (La. 1/16/09), 998 So.2d 104 & 2008-2675 (La. 1/16/09), 998 So.2d 104. As such, because I find no abuse of the broad discretion afforded to the district court herein, I would allow the depositions of the Pride employees to take place as ordered by the district court.

Of particular importance in this matter, Louisiana employs a "pure" comparative fault system, whereby the fault of all persons causing or contributing to injury is to be quantified. **Landry v. Bellanger**, 2002-1443 (La. 5/20/03), 851 So.2d 943, 952. As set forth in La. Civ. Code art. 2323(A), "where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty[.]" See also **Smegal v. Gettys**, 2010-0648 (La. App. 1st Cir. 10/29/10), 48 So.3d 431, 439 (in determining the percentages of fault, the trier of fact should consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed). Herein, notwithstanding Pride's judicial confession of "sole fault," the trier of fact is still required to quantify a percentage of fault to Pride, as a party to the action, and to any other party responsible in causing the underlying accident, when rendering a verdict. As such, despite any suggestion to the contrary, the deposition testimony sought by plaintiff of the Pride employees remains relevant and discoverable.

Accordingly, I agree with the majority's decision on rehearing en banc that the depositions should take place, but dissent from the majority's limitation on their scope, as I would affirm the district court's judgment allowing complete depositions of the Pride employees to occur.

**Theriot, J.,** concurs in part and dissents in part. I find no abuse of the broad discretion afforded to the district court herein and would allow the depositions of the Pride employees to take place as ordered by the district court, for the reasons assigned by Chief Judge Whipple.

**Guidry, McDonald, and Penzato, JJ.,** dissent in part. We recognize that this court in its October 22, 2020 ruling, erroneously stated defendant Numotion and/or United Seating and Mobility, LLC ("Numotion") judicially confessed to fault concerning the underlying accident. As such, we agree with granting the rehearing application in part in order to amend the previous ruling, noting that only defendant Pride Mobility Products Corporation ("Pride") judicially confessed to sole fault in its Amended Answer to the Petition for Damages and the Restated Petition for Damages. Plaintiff's claims, including issues of fault and damages, remain pending against Numotion. Nevertheless, depositions of the Pride employees do not otherwise expedite the litigation, narrow the area of controversy, or otherwise avoid unnecessary testimony, as Pride judicially confessed to being "solely at fault in causing the accident at issue." See **Lehmann v. American Southern Home Insurance Co.,** 615 So.2d 923, 925 (La. App. 1st Cir.), writ denied, 617 So.2d 913 (La. 1993); see also **C.T. Traina, Inc. v. Sunshine Plaza, Inc.,** 2003-1003 (La. 12/3/03), 861 So.2d 156, 159 (per curiam). There has been no showing by plaintiff that the Pride employees possess information regarding the acts and/or omissions of Numotion. Accordingly, plaintiff's application for rehearing should be denied in all other respects.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT