# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LISA WHITTINGTON

VERSUS

WALMART INC. AND ADAM
BOURGEOIS

NOVEMBER 03, 2021

In Re:   Walmart Inc., applying for supervisory writs, 23rd
Judicial District Court, Parish of Ascension, No.
128735.

BEFORE:   GUIDRY, HOLDRIDGE, CHUTZ, PENZATO, AND WOLFE JJ.

WRIT GRANTED. Discovery statutes are to be liberally and broadly construed to achieve their intended objectives. There are limitations to this rule, however, when justice requires that a party be protected from annoyance, embarrassment, oppression, or undue burden or expense. La. Code Civ. P. art. 1426; **Stolzle v. Safety & Systems Assurance Consultants, Inc.**, 2002-1197 (La. 5/24/02), 819 So.2d 287, 289 (per curiam). It is well settled that the trial court has broad discretion in regulating pre-trial discovery, and the trial court's rulings will not be disturbed absent a clear showing of an abuse of that discretion. **Laborde v. Shelter Mutual Insurance Co.**, 2012-0074 (La. 3/9/12), 82 So.3d 1237, 1238 (per curiam). In determining whether the trial court erred, an appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order. **Lehmann v. American Southern Home Ins. Co.**, 615 So.2d 923, 925-26 (La. App. 1st Cir.), writ denied, 617 So.2d 913 (La. 1993). A stipulation amounts to full proof against those who made it. It has the effect of withdrawing a fact from issue and disposing wholly with the need for proof of that fact. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. **Terral v. Waffle House, Inc.**, 96-0589 (La. App. 1st Cir. 12/20/96), 684 So.2d 1165, 1167-68. When a defendant stipulates to liability, that defendant acknowledges that its fault (substandard performance of a legal duty owed to plaintiff for the protection from certain risks of harm) caused the plaintiff to sustain some damage. **Hall v. Brookshire Bros., Ltd.**, 2002-2404 (La. 6/27/03), 848 So.2d 559, 567. In the case before this court, Walmart Inc. has stipulated to liability, thereby admitting that it had certain duties toward plaintiff, Lisa Whittington, which were breached due to substandard performance. Although the discovery statutes are to be liberally and broadly construed, it does not appear that any relevant information would be discovered through the fact depositions of the defendant's former and current employees regarding Walmart's policies and procedures, or the events that took place on June 2, 2019, as the issues of duty and breach have already been stipulated. Therefore, we grant this writ application, reverse

the trial court's May 4, 2021 ruling denying Walmart's motion for protective order in accordance with La. Code Civ. P. art. 1426(A)(1), and grant same, prohibiting the depositions of Walmart's former and current employees.

**JMG**
**WRC**
**AHP**
**EW**

**Holdridge, J.** agrees in part and dissents in part. I would grant the writ application to reverse the trial court and grant a protective order to prohibit the unlimited depositions of Walmart's former and current employees. However, I would allow the depositions of former and current employees of Walmart by serving written questions in accordance with La. Code Civ. P. art. 1448. This would allow the defendant to object and for judicial review prior to the actual taking of the depositions.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT