583 So.2d 1237 (1991)
Stephen D. VENTURA
v.
COX CABLE JEFFERSON PARISH, INC.
No. 91-CA-127.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1991.
*1238 Michael M. Duran and Mark R. Beebee, New Orleans, for plaintiff-appellant.
Marcel Garsaud, Jr., New Orleans and Jack A. Grant, Gretna, for defendants-appellees.
Before BOWES and DUFRESNE, JJ., and FINK, J. Pro Tem.
DUFRESNE, Judge.
This is an appeal by Stephen D. Ventura, plaintiff-appellant, from a judgment sustaining an exception of no right of action urged by Cox Cable Jefferson Parish, Inc., defendant-appellee. For the following reasons, we vacate this judgment and remand the case for further proceedings.
Between October, 1987 and April, 1990, Stephen Ventura was a subscriber to the cable television services provided by Cox Cable Jefferson Parish, Inc., a corporation operating under a franchise agreement with the Parish of Jefferson. In his petition here he alleges that in addition to the basic cable charge, he was also renting a remote control device for four dollars per month, and was further subjected to a replacement fee of $50.00 in the event the device was lost. He avers that this device costs Cox only six dollars to purchase, and that Cox does not offer these instruments for sale to its subscribers. He contends that this rental fee was inconscionable and constituted a breach of Cox's obligations of "good faith performance and disclosure as set forth in Louisiana Civil Code Articles 1759, 1983 and 1953." The petition also seeks to have the matter certified as a class action.
Cox responded to the petition by urging the peremptory exceptions of no right of action and no cause of action, and also asserted that federal law has, since January 1, 1987, totally preempted state or local regulation of cable rates, thus precluding any state law claims as to rates. After a contradictory hearing, the trial court sustained the exception of no right of action, thus rendering all other issues moot. Ventura now appeals that judgment.
Article 927(5) of La.Code Civ.Pro., concerning the peremptory exception of no right of action states:
No right of action, or no interest in the plaintiff to institute the suit.
The function of this exception is to test whether the plaintiff has either the capacity to file an action, or has any legal interest in the matter asserted. Watkins v. Louisiana High School Athletic Assn., 301 So.2d 695 (La.App. 3rd Cir.1974). There is no question as to Ventura's capacity so we are only concerned with whether he has any interest in the matter asserted.
His petition alleges that he had a contract with the defendant, and that defendant was in bad faith both in the confection and performance of this contract. In this circumstance, plaintiff clearly has an interest in the matter asserted.
The defendant argues, to the contrary, that because it provides cable services under a franchise agreement with the parish, only the parish may assert obligations arising out of that contract, citing Allen & Curry Manufacturing Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980 *1239 (1905). Ironically, we also find that case dispositive of this issue, but in plaintiff's favor. The facts of that case were that the water company had contracted with the city to provide water service to the inhabitants, and also to provide, for a fee, city water hydrant. Plaintiff's business caught fire, and when the firemen arrived they discovered that the nearest fire hydrant did not function. Plaintiff sued the water company for breach of its contract with the city to provide functioning hydrants, alleging that the failure of the nearest hydrant allowed the fire to get out of control before sufficient water could be found to combat it. In analyzing the contract at issue the court stated:
Analyzing this contract, we find that the waterworks it provides for are to be erected for the double purpose of furnishing water "to the city of Shreveport and its inhabitants"; that is to say, both to the city and to the inhabitants. And we find accordingly that there are in the contract two sets of stipulations and engagements: One in favor of the city of Shreveport (that is to say, in favor of the corporation), and the other in favor of the inhabitants (that is to say, of the inhabitants individually). The city stipulates and the defendant company engages that the inhabitants individually shall be supplied with water at a fixed maximum rate for private use, including "individual fire protection." And the city stipulates and the defendant company engages that there shall be leased to the city certain fire hydrants, and that, in consideration of the rental to be paid by the city, there shall be supplied through the hydrants, and to the city, their lessee, all the water necessary for "extinguishment of fires, flushing sewers, engine houses," etc. (37 So. at 984)
It went on to hold that the plaintiff had no right of action on that portion of the contract which concerned the lease of hydrants to the city because it was not a party to that portion of the contract.
In the case before us, plaintiff raises issues which arise out of a contract between himself and the defendant, rather than the franchise agreement with the parish. Although the defendant insists that the franchise agreement set the rates at issue here, that allegation goes to a defense against this action rather than destroying plaintiff's interest in the matter asserted, see Watkins v. Louisiana High School Athletic Assn., supra. For these reasons, we hold that plaintiff has an interest in the matter asserted, and therefore vacate the judgment of the district court to the contrary.
The defendant also urges that the petition fails to state a cause of action, and further that federal law has occupied the entire area of cable rate regulations, thus preempting any and all state law claims. The general rule as to the exception of no cause of action was succintly stated in Frain as Tutrix of Beason v. State Farm Ins. Co., 421 So.2d 1169, 1171 (La.App. 2nd Cir.1982), as follows:
The peremptory exception of no cause of action is appropriately sustained when, assuming the allegation of plaintiffs' petition to be true, plaintiff has not stated a claim for which he can be legally compensated under the applicable substantive law.
Further, this exception is triable solely on the face of the pleadings, all well pleaded facts in the petition are accepted as true, and all doubt are to be resolved in favor of the petitioner, Watkins v. Louisiana High School Athletic Assn., supra.
In the present case, Ventura has alleged facts sufficient to state a cause of action for breach of the obligations of good-faith performance and disclosure in confecting the contract at issue, and we so rule.
As to the preemption issue, as noted in Cablevision of Boston Ltd. Partnership v. Flynn, 710 F.Supp. 23 (D.Mass.1989), the Cable Act (47 U.S.C. § 521 et seq.) does not completely preempt all state causes of action, but only such actions as are in conflict with the Act. That court further noted that in this circumstance the preemption issue does not operate to preclude the bringing of state claims, but rather constitutes a defense to such claims. As such, *1240 this issue is not one which defeats a well pleaded petition which states a state cause of action, though it may eventually serve as a valid defense to plaintiffs' suit. We therefore conclude that the preemption question is not properly raised in support of the exception of no cause of action.
For these reasons, the judgment sustaining defendant's exception of no right of action is vacated and the matter is remanded for further proceedings.
JUDGMENT VACATED AND MATTER REMANDED.