597 So.2d 1155 (1992)
DUPLESSIS CADILLAC, INC.
v.
CREATIVE CREDIT SERVICES, INC.
No. 91 CA 0227.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
*1156 William Moravant, E. Wade Shows, Baton Rouge, for plaintiff-appellant Duplessis Cadillac, Inc.
Lee W. Rand, New Orleans, for defendant-appellee Creative Credit Services, Inc.
Richard S. Thomas, Baton Rouge, for 3rd party defendantU.S. Fidelity & Guar. Co.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
This case reaches us for the second time without having reached a trial on the merits. In Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d 336 (La.App. 1st Cir.1990), we reversed a decision of the trial court which had granted summary judgment in favor of the plaintiff, Duplessis Cadillac, Inc. (Duplessis). We remanded the case for further proceedings.
After the remand, one of the defendants, Creative Credit Services, Inc. (CCS), filed a motion for summary judgment. Pursuant to its reading of our previous decision, the trial court granted summary judgment in favor of CCS. Again, we find it necessary to reverse and remand.
In our previous opinion we noted, for the sake of clarity, that CCS had not filed a counter motion for summary judgment. By this observation we did not intend to intimate that we would have affirmed a judgment in its favor.
Instead, we based our previous decision on a review of the affidavits and depositions in the record. We noted that the affidavits of Glen Johnston and Gary Dunaway were insufficient to support summary judgment in plaintiff's favor. Additionally, the undisputed deposition testimony failed to show that United Leasing of America at Baton Rouge, Inc. (ULABR) and/or United Leasing of America, Inc. (ULA) was an agent for CCS or that CCS ratified the acts of either ULABR or ULA. We said: "Contrary to the mover's position, the undisputed facts at this stage of the litigation suggest that ULABR/ULA was a principal in this transaction and not merely an agent or a broker." 564 So.2d at 339. We cited Nasco Equipment Co. v. Briggs-Weaver, Inc., 487 So.2d 625 (La. App. 4th Cir.1986) and Morris, Business Associations, Developments in the Law, 1985-1986, 47 LLR 235 (1986), for the proposition that we must examine the three-party relationship to determine which party ultimately will bear the burden of the insolvency of one of the parties. "When one of the three parties in a supplier-middleman-customer deal becomes insolvent while still *1157 owing performance to one of the other parties, the nature of the relationship among the three becomes critical." Morris at 235, supra.
By observing that the undisputed facts before us at the time of our previous opinion were contrary to Duplessis's position as mover for summary judgment, we did not intend to imply that those same undisputed facts were sufficient to dispose of the issue of the classification of ULABR and ULA as principal, agent or broker. More facts must be developed at trial to determine which party should bear the loss of the insolvency. It appears from the trial court's reasons for granting summary judgment to CCS that our previous opinion was misunderstood. We regret any inconvenience to the trial court and to the parties, but we must reverse the erroneous summary judgment in favor of CCS and remand the case for trial on the merits.
Also before us is the propriety of the action of the trial court in sustaining an exception of no right of action. Again, we are required to reverse and remand.
After the remand, Duplessis filed a supplemental and amending petition on June 21, 1990, naming as a defendant, United States Fidelity & Guaranty Company (USF & G), the surety on the Louisiana Motor Vehicle Bond No. 97419 for $10,000 posted by ULABR pursuant to Louisiana law.
USF & G filed an exception of res judicata, based on the fact that a summary judgment previously had been granted dismissing a third party claim by CCS to the proceeds of the bond. At a later date USF & G filed an exception of no right of action, based on this court's prior decision in Chrysler Credit Corporation v. United States Fidelity & Guaranty Co., 543 So.2d 642 (La.App. 1st Cir.1989). At the conclusion of the hearing, the trial court not only granted the summary judgment in favor of CCS which we have previously discussed, but the court sustained USF & G's exception of no right of action.
The Chrysler Credit Corporation case cannot be read as USF & G urges: to exclude a right of action on the part of Duplessis and any other automobile dealership in the state of Louisiana to proceed against the required surety bond procured prior to the issuance of a motor vehicle dealer's license. It is true that in Chrysler Credit Corporation we rejected an argument that LSA-R.S. 32:1251 be read to allow a broad scope of recovery on the bonds. We concluded that a finance company, such as Chrysler Credit, could not recover the bond proceeds although the automobile dealer had been guilty of tortious conversion of funds. In so ruling, we voiced the opinion that the purpose of the statutory requirement for bonding was protection of the public.
We adhere to our previous interpretation of the statute, but we find a distinction in the present case which mandates a different result. In Chrysler Credit Corporation, the finance company was attempting to recover on the bond posted by the automobile dealership. We held that vis-a-vis the dealership, the finance company could not recover because such recovery would deplete the bond revenues available for the protection of the consumer. In the instant situation, the dealership is attempting to recover on the bond of the intermediate leasing corporation, a party which never deals directly with the consumer. If neither the consumer nor the dealership could recover on the intermediate leasing corporation's bond, the bonding requirement for that type of company would be a vain and useless gesture. The issue may well be as USF & G urges: whether the bonds were intended to protect dealerships in their dealings with institutions such as ULABR. But the circumstances in which the bond protection will be available to dealerships is an issue for the merits of the case, not for the exception of no right of action.
The peremptory exception of no right of action questions whether the party against whom it is asserted has any interest in judicially enforcing the right alleged against the exceptor. Thomas v. State of Louisiana, 545 So.2d 632 (La.App. 4th Cir.), writ denied, 551 So.2d 639 (La. 1989). When considering the exception, we ask whether the plaintiff belongs to a particular *1158 class for which the law grants a remedy for a particular grievance or we ask whether the plaintiff has an interest in judicially enforcing the right asserted. In re G.E.T., 529 So.2d 524 (La.App. 1st Cir.1988). The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense.
For the foregoing reasons this case is remanded to the trial court for trial on the merits. Costs to await the final disposition of this matter.
REVERSED AND REMANDED.