645 So.2d 1234 (1994)
Frankie Wayne DAVID and Sharon Alfred David, et al.
v.
Michael D. GUIDRY, Jody T. Guidry, Century 21 Morgan & Company and Linda Simmons.
No. 94 CA 0096.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
Writ Denied January 27, 1995.
*1235 D. Adele Owen, Robert Schmolke, Baton Rouge, for plaintiffs-appellants.
Thomas M. Lockwood, Robert Morgan, Baton Rouge, for defendants-appellees.
Before CRAIN, FOIL and WHIPPLE, JJ.
CRAIN, Judge.
This is a devolutive appeal from a judgment of the district court which granted Michael and Jody Guidry's exception of no right of action filed against Sharon David, in her individual and representative capacities. We affirm that judgment.
The sole issue for our consideration is whether the trial court judge erred in sustaining the defendants' exception of no right of action against Sharon David, individually, and in her representative capacity. The facts surrounding this controversy are essentially uncontested: On December 20, 1990, Frankie David purchased a piece of property in Walker, Louisiana, known as 30785 Duff Road. In the fall of that year the property had been viewed by Sharon David (nee: Carney) and Mr. David's real estate agent. At the time of the purchase, Mr. David was not married. It was the intent of Mr. David to build a home and reside on the property. There was a written disclosure statement which was signed on the same date as the sale by Mr. Michael Guidry and acknowledged by the purchaser, Mr. David. The disclosure contained the following language:
Property located near oil reclamation site formerly known as Combustion, Inc. which presently is in [ligation]. Buyer acknowledges receipt of a copy of this disclosure.
On February 18, 1992, Frankie David married Sharon Carney. Ms. Carney had two children: Christopher Scott Lea and Stacy Melissa Lea. Mrs. David and the Lea children thereafter began to live with Mr. David on the subject property.
On July 29, 1992, Frankie David and Sharon David filed this suit to rescind the sale of their residence and an action for damages. Ms. David sued individually and in her representative capacity as "member of the community of acquits [sic] and gains existing between" she and Mr. David. She also sued as the "natural tutrix of Christopher Scott Lea and Stacy Melissa Lea."[1]
In their petition, plaintiffs alleged that the property contained a redhibitory vice and defect which rendered the property useless for the purpose sold (i.e., a residential site). They also alleged the Guidrys were at fault or negligent for offering the property for sale and failing to disclose the condition of the adjoining property in that the property contained hazardous, cancer-causing chemicals which had spread and continued to spread. Additionally, plaintiffs alleged that "as a result of the above described sale" they suffered damages of a physical and mental nature and incurred medical expenses.
On August 31, 1992, defendants, Michael and Jody Guidry, filed an answer of general denial and a cross-claim against their real estate agent, Carla Britt, and the broker, Century 21 Morgan & Company. On May 19, 1993, the Guidrys filed exceptions of no cause of action and no right of action against Ms. David, in her individual and representative capacity.
On August 4, 1993, the district court granted the exception of no right of action and denied the exception of no cause of action. In granting the exception of no right of action, the following reasons were given:
The pleadings and the act of sale itself make it clear that the sale was executed by and between the defendants and Frankie Wayne David individually. There is no *1236 privity of contract between the Guidrys, Sharon Alfred David, her minor children and the community alleged to exist between the Davids. Because there is no privity of contract between these entities, any duty owned by the Guidrys to these individuals would necessarily have to lie in tort. The Court finds that the sellers owed no duty in tort law to Sharon Alfred David, her minor children, and the yet uncreated community between the Davids. Therefore, Sharon Alfred David and her children have no right to sue herein. For these reasons the Exception of No Right of Action is granted against Sharon Alfred David, her minor children, and the community between Frankie and Sharon David.
As relates to the Exception of No Cause of Action, the remaining plaintiff, Frankie David, states at least a cause of action for rescission of the sale. However, I am not permitted to grant a partial exception of no cause. This exception is, therefore, denied.
On September 27, 1993, plaintiff, Sharon David, individually and in her representative capacity, filed this devolutive appeal of the judgment which granted the exception of no right of action.
In the record, Ms. David concedes that she has no action in redhibition. She alleges, however, that, individually, and in her representative capacity, she has an action in tort for negligence and in particular, for negligent misrepresentation. In this regard, she reasons that a duty was owed to her, absent privity of contract, because she and her children were prospective inhabitants of the property.
The peremptory exception of no right of action questions whether the party against whom it is asserted has any interest in judicially enforcing the right alleged against the exceptor. La.C.C.P. Art. 927(5). Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155 (La.App. 1st Cir.1992). That is, a determination must be made as to whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. Duplessis Cadillac Inc., supra. The function of this exception is to provide a threshold device for terminating suit brought by one without legal interest to assert it. Favrot v. Favrot, 448 So.2d 187 (La.App. 1st Cir.1984).
In this case the lower court sustained the defendants' exception of no right of action because the court determined that defendants did not owe a duty to this plaintiff, individually, or in her representative capacity. Thus, the court concluded Ms. David was not a member of the group who would have a legal interest in this litigation.
Plaintiff, Ms. David, relies upon the Supreme Court decision in Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La. 1993).[2]Barrie involved the sale of certain real estate by Secor Bank to Mr. and Mrs. Barrie. As part of the transaction, Secor hired V.P. Exterminators, Inc. (V.P.) to conduct a termite inspection. An inspection was performed and an insect report issued. The report indicated no active or old insect infestation. On the basis of this information the Barrie couple purchased the property. They thereafter sued the seller, termite company, its owner and insurer, upon discovery of an old and active infestation. The district court sustained an exception of no cause of action and motion for summary judgment filed by the insurer for the termite company and its owner. The Court of Appeal affirmed and the Supreme Court reversed.
In Barrie, the Supreme Court held that a duty/risk analysis is the appropriate standard for determining legal responsibility for negligent representation. Utilizing that standard, the Court found.... that the termite company owed a duty to these purchasers, (though plaintiffs did not have privity of contract) to exercise reasonable care and competence in *1237 obtaining and communicating information in their report.
In a duty/risk analysis, the following determinations must be made:
1) Was the conduct in question a cause-in-fact of the harm that resulted;
2) Was there a duty owed to the plaintiff by the defendant to protect him from this type of harm, arising in this manner; and
3) Did the defendant violate the duty owed. See: Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
The issue of whether a duty is owed is a question of law. Barrie, supra citing Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). Rules of conduct are designed to protect some persons, under some circumstances, against some risks. Hill v. Lundin, supra 256 So.2d at 623. Foreseeability is not the only criterion for determining whether there was a duty-risk relationship. Hill v. Lundin, supra at 622. The thrust or proper reach of a rule rests upon policy considerations. See: Barrie v. V.P. Exterminators, Inc., supra; Hill v. Lundin & Associates, Inc., supra.
In Barrie, supra, the Louisiana Supreme Court extended the duty owed by the termite company to give accurate information, beyond the sellers of the property, who had employed this company, to the purchasers. In taking this action, the Court in Barrie, at 1016, gave the following reason:
The obligation for the liability is imposed by law based upon policy considerations due to the tortfeasor's knowledge of the prospective use of the information which expands the bounds of his duty of reasonable care to encompass the intended user.
This factor distinguishes Barrie from Ms. David's case. That is, in Barrie, the defendants had specific knowledge that the information they were providing was to be submitted to and used by the purchasers, so their pecuniary loss was foreseeably probable.
Contrary to Ms. David's assertion, the record is devoid of evidence which would indicate that the Guidrys knew that Sharon Causey David and her children would inhabit the subject property.
The trial judge correctly found that no duty was owed Ms. David individually and/or in her representative capacity. The judgment sustaining the exception of no right of action was proper.
For the reasons assigned the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Although this suit was amended to include the minor child Stacy Melissa Lea, and she was also the subject of the judgment on this exception, no appeal has been taken on her behalf.
[2] Additionally she relies upon Cypress Oilfield Contractors, Inc. v. McGoldrick Oil Co., Inc., 525 So.2d 1157 (La.App. 3rd Cir.) writ denied, 530 So.2d 570 (La.1988) and Pastor v. Lafayette Building Assn., 567 So.2d 793 (La.App. 3rd Cir. 1990). We find these cases of negligent misrepresentation clearly distinguishable from the present, in that in Cypress and Pastor the information was conveyed from defendant to plaintiff, and not to a third party.