665 So.2d 694 (1995)
Rabon and Carol AYERS, Plaintiffs-Appellants,
v.
Dennis BRAZELL, et al., Defendants-Appellees.
Henry and Susan PAGE, Individually and on Behalf of Minors, Plaintiffs-Appellants,
v.
ASSOCIATES FINANCIAL, et al., Defendants-Appellees.
Nos. 27756-CA, 27757-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
Writ Denied March 29, 1996.
*695 Weems, Wright, Schimpf, Hayter & Carmouche by Kenneth P. Haines, Carey T. Schimpf, Shreveport, for Appellants.
Mayer, Smith & Roberts by Steven E. Soileau, Shreveport, for Appellees.
Before MARVIN, SEXTON and BROWN, JJ.
SEXTON, Judge.
After reversal and remand by this court to allow the trial court to rule on the constitutionality of LSA-R.S. 9:2798.1, the court held that LSA-R.S. 9:2798.1, which absolves public entities from liability for "discretionary" acts or omissions related to the legitimate objectives of their office, is not unconstitutional. Accordingly the district court granted the defendants partial summary judgment. The plaintiffs appeal, claiming that the statute is unconstitutional pursuant to Art. XII, section 10(A) of the Louisiana Constitution of 1974 and the equal protection clause of the state Constitution. We affirm.
Appellants, Rabon Ayres, Carol Ayres, Henry Page and Susan Page, filed suit against the Bossier Parish Police Jury ("BPPJ" or "parish") and other defendants for damages resulting from flooding of their homes in April of 1991. The claim against the BPPJ was that it issued building permits for the plaintiffs' homes without requiring the builders to submit plans, specifications, etc., and did not require an architect to certify that the minimum floor elevation was above the base flood elevation as required by Chapter 7.5, Flood Hazard Prevention, of the Code of Bossier Parish. Specifically, the ordinance requires that, before a building permit is issued, plans and specifications for the proposed construction must be submitted which include the base flood level and the minimum floor elevation. Further, if the property is in the A or B flood level, after the construction is completed, an architect or certified engineer is to certify that the minimum floor elevation is above the base flood level.
The plaintiffs allege that the builders did not submit any of the required information and that the parish willfully and recklessly issued the building permits. Had the parish followed its own ordinances and regulations, plaintiffs argue, their houses would not have been built below the base flood level and would not have flooded.
The BPPJ filed a motion for partial summary judgment alleging it was immune from *696 liability pursuant to LSA-R.S. 9:2798.1 in that the issuance of building permits is a discretionary act as deemed by LSA-R.S. 33:4773(D). Originally, the trial court granted the motion based upon a finding that the flooding, not the issuance of the permit, caused the plaintiffs damage, purportedly pretermitting the constitutional question. The plaintiffs appealed.
On the original appeal, this court held that the BPPJ is immune from liability as a matter of law under LSA-R.S. 9:2798.1 because the issuance of building permits is expressly deemed discretionary under LSA-R.S. 33:4773(D) and LSA-R.S. 33:4771(5) for purposes of the immunity granted by LSA-R.S. 9:2798.1. We therefore remanded the case to trial court for consideration of the constitutional issue, which was properly raised and preserved for consideration by the plaintiff, but was not considered by the trial court for the reasons stated above.
After remand, the trial court held a hearing on the sole issue of whether the statute in question is unconstitutional. Finding that it is not unconstitutional, the trial court granted the motion for partial summary judgment. Plaintiffs appeal.
Pending this second appeal, on October 21, 1995, the people of Louisiana voted to amend La. Const. Art. XII, § 10C, putting to rest the constitutional authority of the legislature to limit or prescribe the extent of the liability of the state and its agencies. The amendment states:
Section 10. Suits Against the State.
(C) Limitations; Procedure; Judgments. Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.
Thus, it clear that, upon the effective date of the amendment, the legislature may define the circumstances giving rise to liability of the state, a state agency, or a political subdivision. The above amendment became effective on November 23, 1995.
The passage of this amendment presents two questions. The first is whether it is curative and remedial and thus should be applied retroactively. The second is, if so, should it nevertheless be given effect since the change occurred after final judgment in the district court and while the appeal was pending.
Both of these questions have been decided adversely to plaintiff-appellant by this court in Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961). This case presented a similar circumstance, except that in Fullilove the constitutional amendment was broadening the authority to sue the state.
Therefore, for the reasons expressed in Fullilove v. U.S. Casualty Company of New York, supra, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
BROWN, J., concurs for the reasons set forth by the trial judge. The discretionary function immunity statute found at LSA-R.S. 9:2798.1 was and is constitutional.