JzREMY CHIASSON, Judge Pro Tem.
David Merritt Fields and Lee Ann Moon Fields (Fields) filed an action on June 1, 1995, against the prior owners of their home, Michael David Lofton and Leslie Meanness Lofton (Loftons). They sought damages on the basis that water leakage from the attic rendered the home materially defective and substandard. The Loftons filed a third party demand against the City of Zachary (City). The third party demand alleged that any liability owed to the Fields arose out of the City of Zachary’s failure to perform its regular duty to inspect and grant a building permit in accordance with the proper standards at the time the Lofton residence was being built in 1992. ■ ■
The City filed a motion for summary judgment. It asserted that pursuant to LSA-R.S. 33:4771 and 33:4773, the City is immune from liability. The City relied on the theory that the 1995 amendment to the Louisiana Constitutional provision regarding sovereign immunity was curative of any constitutional infirmity in LSA-R.S. 33:4771 et seq and the statute referred to therein, LSA-R.S. 9:2798.1. The district court granted the summary judgment in favor of the City and dismissed the City of Zachary. See Ayers v. Brazell, 27,756, (La.App.2d Cir. 12/6/95); 665 So.2d 694, writ denied, 96-0086 (La.3/29/96); 670 So.2d 1236.
The Loftons appeal that decision to this court, urging that the immunity granted in LSA-R.S. 33:4771 is barred by the Louisiana Constitution as it existed prior to 1995. Finding it unnecessary, and therefore improper, to address the constitutional issue, we affirm the summary judgment.
We affirm the judgment of the trial court dismissing the City of Zachary for failure of the third party plaintiffs to state a cause of action under LSA-R.S. 33:4771 et seq.
Title 33 of the Louisiana Revised Statutes regulates “Municipalities and Parishes.” Subpart E of that title provides for “Building Codes of Parishes and Municipalities.” Section 4772 gives the “Legislative purpose; governmental duty” and reads as follows:
The legislature hereby finds and declares that:
(1) The policy, purpose, and intent for the promulgation and adoption of a building code by a political subdivision is to promote the safety, health, morals, and general welfare of the community.
(2) The policy, purpose, and intent of the enforcement of a building code by an enforcement agency is the reasonable protection of the safety, health, morals, and general welfare of the public.
(3) Nothing contained in this Subpart or in any building code shall be construed as establishing or imposing upon a political subdivision a duty, special or otherwise, to or for the benefit of any individual person or group of persons.
^Furthermore, paragraph (D) of LSA-R.S. 33:4773 states in pertinent part:
*270 In connection with the construction of any building, structure, or other improvement to immovable property, neither the perfor-manee of any enforcement procedure nor any provision of a building code shall constitute or be construed as a warranty or guarantee by an enforcement agency as to durability or fitness, or as a warranty or guarantee by an enforcement agency that said building, structure, or other improvement to immovable property or any material, equipment, or method or type of construction used therein is or will be free from defects, will perform in a particular manner, is fit for a particular purpose, or will last in any particular way.
The plain wording of the above quoted provisions makes it clear that the third party plaintiffs in the instant case have not and cannot state a cause of action against the City of Zachary for any act of the building inspector. The cause of action of the original plaintiffs sounds in redhibition, for damages and/or recision, against the sellers of the home. The City of Zachary did not owe a duty either to the original plaintiffs or to the third party plaintiffs to indemnify them for any liability they may have to the buyers.
The instant case is similar to a recent decision by this court in which we held a subsequent resident of a house, who married the buyer after the sale, had no. individual right of action against the seller because the seller owed no duty to her regarding the defects in the property. David v. Guidry, 94-0096 (La.App. 1st Cir. 11/10/94); 645 So.2d 1234, writ denied 94-2946 (La.1/27/95); 649 So.2d 393. This court distinguished Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993).[2] Both David and Barrie are distinguishable from the instant case, for the Louisiana legislature has provided that the defendant owes no duty to any individual, whether seller or buyer or unrelated third party. Thus, under Louisiana tort and contract law, the third party plaintiffs lack a cause of action.
Accordingly, we affirm the judgment of the trial court, and we assess appellant with costs of this appeal.
AFFIRMED.
FITZSIMMONS, J., dissents and assigns reasons.

. ■ Concluding that Louisiana law provides a duty on the defendant termite inspector, the court stated: "Our general tort principles provide a cause of action against a termite inspector who, in the course of his business, allegedly fails to exercise reasonable care, competence or skill in ascertaining facts and/or in communicating the facts or opinion in a termite inspection report which was contracted for and supplied to another, a vendor, to facilitate a sale of real estate, in favor of the purchasers of the property who suffered foreseeable pecuniary loss because they detrimentally relied upon' the contents of the report, even though the purchasers are not a party to the contract and have had no direct or indirect contact with the termite inspector, when the termite inspector supplied it to facilitate the sale so as to make the purchasers intended users of the report.” Barrie, 625 So.2d at 1008.