United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

02-30123

_____

NORMA DIANE MAY; MATTIE SNELL, individually and
on behalf of Robert H. Snell; MARY LOPEZ; MARTIN LOPEZ;
ERIC GESN; ET AL.,

Plaintiffs-Appellants,

versus

TEXACO INC.; BANK ONE LOUISIANA N. A., Executor
& Trustee on behalf of Alexander W. Knight Succession,
on behalf of Alexander W. Knight Testamentary Trust,

Defendants-Appellees.

_____

JOHN H. MAY; MATTIE SNELL; MARY LOPEZ;
MARTIN LOPEZ; ERIC GESN; ET AL.,

Plaintiffs-Appellants,

versus

TEXACO, INC.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-2019)

_____

Before GARWOOD, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs contest: the denial of remand to state court (removal based on fraudulent joinder); the FED. R. CIV. P. 12(b)(6)(failure to state claim) dismissal of Bank One; the similar dismissal of their property claims against Texaco; and the summary judgment awarded it for their remaining claims. Primarily at issue is whether, under Louisiana law, a party who sells property it knows to be polluted owes a perpetual duty to warn *all* subsequent purchasers. **AFFIRMED.**

I.

Beginning in 1929, near Shreveport, Louisiana, Texaco operated a refinery and tank farm on approximately 200 acres known as Anderson Island (the property). The refinery operation continued until 1940. Texaco sold the property in 1941 to Alexander Knight, a Louisiana resident. The act of conveyance required Texaco to dismantle the refinery and some of the tanks; pursuant to a lease with Knight, the remaining tanks were to be used by Texaco. By 1949, Texaco no longer used the tanks; however, it never removed the attendant subsurface pipelines or certain other items from the property.

Through ten separate sales, between 1950 and 1959, Knight conveyed his interest in the property. The purchasers and their grantees subdivided and developed the property. None of the purchasers to whom Knight sold the property are plaintiffs in this action. Instead, plaintiffs acquired portions of the property

after an indeterminable number of intermediary transactions between the subdividers' sales and plaintiffs' purchases.

Knight died in October 1981. One year later, the Environmental Protection Agency (EPA) conducted a "potential hazardous waste site inspection" on the property. It found, *inter alia*, arsenic, mercury, benzyne, chromium, and lead; it estimated that millions of gallons of sludge and oil remained under the property. Thereafter, the EPA listed it as a potential hazardous waste site; since 1992, it has listed it as a potential Superfund site. *See* 42 U.S.C. § 9601, *et seq*.

The putative class of more than 5,000 Louisiana residents includes past and present residents or business owners of the property. They allege: Texaco caused the pollution; caused them personal injuries, including, *inter alia*, cancer and respiratory disorders; and decreased the value of their property.

Plaintiffs (Louisiana residents) sued Texaco and Bank One (the trustee of Knight's estate) in Louisiana state court. Texaco is a Delaware Corporation; Bank One, a Louisiana bank (hereinafter referred to as Knight).

The defendants removed this action to federal court, claiming, as a basis for jurisdiction, *inter alia*, diversity jurisdiction because Knight was fraudulently joined. Along this line, Knight moved to dismiss for failure to state a claim under Louisiana law.

Plaintiffs sought remand to state court and, in opposition to Knight's motion to dismiss, amended their complaint.

Based upon fraudulent joinder, a magistrate judge denied remand. For the reasons stated by the magistrate judge, the district court affirmed the remand-denial.

Concerning Knight's motion to dismiss, the magistrate judge recommended that the claims in the original petition/complaint be dismissed with prejudice; those in the amended complaints, *without* prejudice. The district court agreed and dismissed the original claims against Knight, as well as those in the amended complaints.

Subsequently, *Texaco* moved under Rule 12(b)(6) for dismissal of the property claims against it; the district court granted that motion. Later, it granted Texaco summary judgment for the remaining claims.

## II.

Plaintiffs contend: Knight was not fraudulently joined, therefore this action should have been remanded to state court and Knight should not have been dismissed pursuant to Rule 12(b)(6); such dismissal was improper for their property claims against Texaco; and summary judgment was improper for their remaining claims against it.

## A.

In determining fraudulent joinder *vel non*, courts determine whether there exists a reasonable basis for recovery against the

4

party whose joinder is challenged. *E.g., **Travis v. Irby***, 326 F.3d 644, 646-49 (5th Cir. 2003); ***Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.***, 313 F.3d 305, 312 (5th Cir. 2002); ***Burden v. General Dynamics Corp.***, 60 F.3d 213, 216 (5th Cir. 1995); ***Carriere v. Sears, Roebuck & Co.***, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990). In general, whether there is a reasonable basis for recovery is determined *only in reference to the complaint at the time of removal.* *E.g.*, ***Cavallini v. State Farm Mut. Auto Ins. Co.***, 44 F.3d 256, 264 (5th Cir. 1995). A district court's ruling that no such recovery is possible is reviewed *de novo*, "evaluat[ing] all of the factual allegations in the light most favorable to the plaintiff, [and] resolving all contested issues of substantive fact in favor of the plaintiff". ***Burden***, 60 F.3d at 216 (internal quotations omitted).

Plaintiffs contend Knight was negligent in failing to warn them of the pollution on the property. They do *not* contend, however, that Knight failed to warn those to whom he sold the property; rather, they maintain Knight owed a duty to *every* succeeding purchaser to warn of defects in that property. Plaintiffs offer no authority, however, imposing upon a seller the duty to so warn all succeeding purchasers, some of whom purchased the property decades after the seller sold it. Likewise, our review of Louisiana law reveals no such authority. *E.g., **David v. Guidry***, 645 So. 2d 1234 (La. Ct. App. 1994) (seller owed no duty to

warn future inhabitants who he had no reason to know would inhabit the property), *writ denied*, 649 So. 2d 393 (1995).

Similarly, plaintiffs contend Knight fraudulently misrepresented the condition of the property to succeeding purchasers by failing to notify them of the pollution. Along this line, plaintiffs contend that, when deciding the fraudulent joinder issue, the district court erred by failing to consider the allegations in their amended complaint. As discussed, Louisiana law does not impose that duty on Knight. Moreover, plaintiffs' fraud allegation was made by amended complaint, not by their original, state petition. Again, allegations made only in an amended complaint are beyond the scope of review for fraudulent joinder. *Cavallini*, 44 F.3d at 264.

On the same day as his fraudulent joinder ruling, the magistrate judge, in his recommendation to dismiss plaintiffs' original claims against Knight, as well as those in their amended complaint, *did* examine the "new" allegations in the amended complaint. The magistrate judge noted, however, that the amended complaint offered no new allegations against Knight, except for "conclusory claims of a conspiracy".

Plaintiffs claim Knight breached a "warranty of fitness and peaceful possession". Because this claim was not raised in district court, we will not consider it for the first time on

appeal.  *E.g., **Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers**,* 200 F.3d 307, 316-17 (5th Cir. 2000).

Finally, plaintiffs maintain summarily that Knight is "absolutely liable" for injuries caused by virtue of his abnormally dangerous or ultra-hazardous activities.  Their conclusory statement notwithstanding, Knight is not absolutely liable either for damages caused when he did not own the property, **Schneider v. United States**, 734 F. Supp. 239, 247 (E.D. La. 1990), or for damages caused to those who were never his "neighbor", LA. CIV. CODE art. 667.

In the light of the foregoing, plaintiffs have no reasonable basis for recovery against Knight.  Therefore, remand was properly denied; Knight, properly dismissed.  (As noted, for the dismissal of the claims against Knight, although it was with prejudice for those in the original, state petition, it was *without* prejudice for those in the amended complaints.)

## B.

We review *de novo* both the dismissal of plaintiffs' property claims against Texaco, *e.g., **Beanal v. Freeport-McMoran, Inc.**,* 197 F.3d 161, 164 (5th Cir. 1999), and the summary judgment awarded it against the remaining claims, *e.g., **Daniels v. City of Arlington**,* 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001). For a Rule 12(b)(6) dismissal, the reviewing court does not look beyond the pleadings; accepts all well-pleaded facts as true; and

7

views the facts "in the light most favorable to the plaintiff". **Cinel v. Connick**, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). In a similar vein, summary judgment is proper only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

In its well-reasoned opinion, the district court held Texaco had no duty to preserve the property for all future owners. Plaintiffs maintain the Louisiana Supreme Court's subsequent decision in **Hopewell, Inc. v. Mobil Oil Co.**, 784 So. 2d 653 (La. 2001), requires a different result. The plaintiff in **Hopewell** purchased property which the vendor's ancestors had previously leased to a company for oil and gas operations. The plaintiff cleared the property of structures built by that prior lessee and sued its successor (Mobil Oil), including for pollution caused by the oil and gas operations. A claim pertinent to this action was based upon a combination of: (1) a statutory requirement that an owner of a mineral servitude is "obligated, insofar as practicable, to restore the surface to its original condition....", LA. REV. STAT. § 31:22; and (2) the conveyance of sale to plaintiff, which conveyed all of the vendor's rights.

The intermediate court of appeal held: the claim against the prior lessee was a *personal right* of the owner of the property when the lessee failed to restore it; there was no assignment of that

8

personal right to plaintiff through the conveyance. *Hopewell, Inc. v. Mobil Oil Co.*, 770 So. 2d 874, 878 (La. Ct. App. 2000). In holding the right personal, the court of appeal relied on *Prados v. South Central Bell Telephone Co.*, 329 So. 2d 744 (La. 1975). In *Prados*, a *non-mineral* lease required the lessee to remove any improvements it made on the property. When the lease ended, however, the owner did not require the lessee to do so. The owner sold the property; the *purchaser* sued the lessee. The Louisiana Supreme Court held the claim against the lessee involved a personal, rather than real, right.

In a nine-line opinion, however, the Louisiana Supreme Court reversed the court of appeal's decision in *Hopewell* and remanded the action for further proceedings. The court stated: "*Prados* ..., which the Court of Appeal relied upon, involves rights arising under a lease and is distinguishable from the instant facts". *Hopewell*, 784 So. 2d at 653. As noted, the rights in *Hopewell* arose under a statute concerning the duty imposed upon the owner of a mineral servitude. That, of course, is *not* the situation in this action.

Plaintiffs contend the Louisiana Supreme Court's extremely brief *Hopewell* decision held "the right to sue for damages to the land is a real (as opposed to personal) right that 'runs with the land'". Needless to say, such a rule of Louisiana property law is not ascertainable from that opinion.

Indeed, as discussed by the district court, plaintiffs' interests are protected through the title search process and redhibitory actions. Similarly, and as earlier discussed with respect to Knight, when viewed against the bases claimed by plaintiffs, Texaco owed no duty to successive purchasers, decades after it conveyed the property to Knight.

Accordingly, essentially for the reasons stated by the district court in its opinions of 12 February 1999 (dismissal of property claims) and 21 December 2001 (adopting reasons underlying magistrate judge's recommended summary judgment for the remaining claims), the Rule 12(b)(6) dismissal and the summary judgment awarded Texaco were proper.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*