987 So.2d 413 (2008)
Clifton JUSTIN, Jr.
v.
STAR SERVICE, INC., and/or Star LLC, St. Paul Fire & Marine Insurance Company, Gary Bloomer and Bobby Bryant.
No. 07-CA-998.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
Rehearing Denied July 8, 2008.
*414 Benjamin J. Birdsall, Jr., Derek D. Gambino, Birdsall Law Firm, Inc., Attorneys at Law, New Orleans, LA, for Plaintiff/Appellant.
Robert A. Redwine, Attorney at Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Clifton Justin, Jr. ("Justin") filed a Petition for Damages on October 27, 2004 alleging that on October 2003 and December 15, 2003, defendants Star Service, Inc. and/or Star LLC ("Star"), and their employees, Gary Bloomer ("Bloomer") and Bobby Bryant ("Bryant"), installed an AC/Heating System in the ceiling of a classroom at L.W. Higgins High School. On December 15, 2003, the system exploded causing hot water to be sprayed on Justin, a teacher at the school, and several students in the room. Justin suffered severe injuries as a result of the accident. Justin alleged the accident and injuries resulted from the defendants' failure to maintain and repair the system, keep it in a safe and usable condition, failure to properly inspect and take action to correct the dangerous condition. Justin claimed Star was responsible for the actions of Bloomer and Bryant under the doctrine of respondeat superior.
Defendants filed an Answer and Affirmative Defenses on November 22, 2004. Defendants urged exceptions of prescription and no cause of action. Defendants also argued that Justin was at fault in causing his own injuries and in failing to mitigate his damages. Justin filed a First Amended and Supplemental Petition on November 30, 2006 adding St. Paul Fire & Marine Insurance Company ("St. Paul"), Great American Custom Insurance Services and Great American Alliance Insurance Company ("Great American").
On February 2, 2007, the parties executed and the trial court signed a Joint Motion of Dismissal and Partial Dismissal. By this motion, Justin dismissed all claims against St. Paul, with prejudice. The motion also partially dismissed Star Service, Inc., Star, LLC, Bloomer, and Bryant, with Justin reserving his rights against these parties to the extent that any claims against them are covered by valid and collectible insurance provided by any insurer other than St. Paul, including, but not limited to Great American.
Great American then filed Peremptory Exceptions, Answer and Affirmative Defenses on April 2, 2007. Great American filed an exception of no right of action arguing the claims against it should be dismissed because Great American's insured had been dismissed, so the claim against the insured alone doesn't exist under Louisiana's Direct Action Statute. The exception of no cause of action filed by Great American contended that Great American cannot be liable because Great American's insured cannot be liable. *415 Great American also filed an exception of res judicata arguing that because the plaintiff had released all claims against Great American's insured, plaintiff's claims against Great American are barred by res judicata. Finally, Great American filed an exception of nonjoinder arguing that Great American's insured is a necessary party and that party had been dismissed.
On June 16, 2007, St. Paul and Justin executed a Receipt and Restrictive Release and Indemnity Agreement. St. Paul agreed to pay $800,000.00 to Justin and Justin released Star Service Inc, Star LLC, Bloomer and Bryant, except to the extent that any other collectible insurance exist, by any company other than St. Paul, specifically including Great American Service and Great American Alliance. This agreement contained the same provisions as the joint dismissal previously signed by the trial court.
A hearing on the exceptions filed by Great American was held on August 14, 2007. The trial court granted the exception of no right of action on that date and stated in open court: "The Court agrees with the position of the mover in this matter. I appreciate what the parties attempted to do in this release. I just don't believe that they accomplished it. Great American has no further obligation in connection with this case." A written judgment was signed on August 22, 2007 granting the exception of no right of action and reserving judgment on the remaining exceptions. The claims against Great American Alliance Insurance Company were dismissed with prejudice, with each party to bear their own costs.
Justin now appeals arguing one assignment of error. He argues the trial court erred in granting Great American Custom Insurance Services, Inc. and/or Great American Alliance Insurance Company's exception of no right of action.
For the reasons which follow, we reverse the judgment of the trial court.

DISCUSSION
The trial court in this matter granted the exception of no right of action on the basis that since the insured had been dismissed from the lawsuit, Justin could not proceed against the insurer, pursuant to La. R.S. 22:655, the Direct Action Statute.
The purpose of the peremptory exception of no right of action is to test whether the plaintiff has the capacity to file the action or has an interest in enforcing the matter asserted. Duplessis Cadillac v. Creative Credit, 597 So.2d 1155 (La.App. 1st Cir.1992), citing La.C.C.P. art. 927; G.I. Joe, Inc. v. Chevron, U.S.A., Inc., 561 So.2d 62 (La.1990); Ventura v. Cox Cable Jefferson Parish, 583 So.2d 1237 (La.App. 5th Cir.1991), writ denied 588 So.2d 1117 (La.1991). When considering the exception, the court must look at whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether the plaintiff has an interest in judicially enforcing the right asserted. Duplessis Cadillac v. Creative Credit, supra.
Plaintiff contends that he is entitled to proceed against Great American, even though Star Service, Star LLC, Bloomer and Bryant were dismissed, based on the language of the Receipt and Restrictive Release and Indemnity Agreement entered into with the other defendants. The Receipt and Release and Indemnity Agreement released Star Service, Inc, Star LLC, Bloomer, and Bryant from all claims asserted against them and also stated that the Justins:
... specifically reserve their claims against STAR SERVICE, INC., STAR LLC, GARY BLOOMER, and/or BOBBY *416 BRYANT to the extent that any other collectible insurance is afforded to STAR SERVICE, INC., STAR LLC, GARY BLOOMER, and BOBBY BRYANT by any insurance carrier or company other than ST. PAUL FIRE & MARINE INSURANCE COMPANY and its affiliated companies, whether such carrier is known or unknown, named or unnamed, specifically including, but not limited to, GREAT AMERICAN INSURANCE SERVICES, INC. (GACIS) and GREAT AMERICAN ALLIANCE INSURANCE COMPANY (GAAIC), the umbrella and/or excess carrier of STAR SERVICE, INC., STAR LLC, GARY BLOOMER, and BOBBY BRYANT.
By that agreement, plaintiff dismisses the claims against the other defendants, except to the extent the claims against those defendants are covered by insurance with a company other than St. Paul and, specifically, Great American.
Great American argues its policy only provides coverage for an insured that is "legally obligated to pay" and since its insured, Star Services, Inc., has been dismissed from this matter, plaintiff no longer has a right of action against it pursuant to LSA-R.S. 22:655, the Louisiana Direct Action Statute.
We disagree with the trial court and Great American and find the plaintiff does have a right of action against Great American. The plaintiff reserved its claims against Great American with the Receipt and Release and Indemnity Agreement.
The Third Circuit addressed a similar situation in Finnie v. LeBlanc, 03-1013 (La.App. 3 Cir. 3/10/04), 875 So.2d 71. In Finnie, the plaintiff entered into a settlement with the insured prior to trial and a Joint Motion for Partial Dismissal was executed. The insured was dismissed with prejudice but the plaintiff reserved the right to proceed against him "to the extent that he was insured by Lafayette." The matter proceeded to trial before a jury. The jury found the insured to be liable and awarded damages. On appeal, the insurer argued that because the insured had been dismissed, and thus not legally liable for a judgment rendered against him, the insurer could not be held liable either. Id. at 75.
In Finnie, the Third Circuit found that the plaintiff had reserved her claim against the individual insured, to the extent that he was insured by the insurance company defendant. The court found the dismissal to be a partial dismissal and not a carte blanche release. The Third Circuit went on to state "[t]he language in the partial dismissal, `to the extent he was insured by Lafayette' gave Ms. Finnie the right to proceed against LIC." The court found the intent was to grant a partial release of the individual insured and reserve rights to the extent he was covered by the insurer. Id. at 77.
Additionally, in Sumrall v. Bickham, 03-1252 (La.App. 2 Cir. 9/8/04), 887 So.2d 73, the Second Circuit held that a settlement releasing the individual defendant from liability did not bar the plaintiff from pursuing the action against the insurer. In Sumrall, the plaintiff executed a receipt and release agreement which released the individual defendant from all claims, but reserved all rights as to all other parties, including specifically, but without limitation, all rights as to the insurer of the individual defendant. The trial court signed a judgment dismissing plaintiff's claims against the individual defendant only and expressly reserved all rights as to the insurer. Id at 76.
Thereafter, the insurer filed a motion for summary judgment, which the trial court denied. The First Circuit denied *417 insurer's writ application and the Louisiana Supreme Court granted writs and remanded the matter to the First Circuit for an opinion solely on the issue of whether a plaintiff's settlement with the insured eliminates an insurer's obligation to pay the plaintiff. The First Circuit then found that the release language clearly shows that the parties intended that the plaintiff would maintain his rights against the insurer and the insurer has produced no evidence to prove otherwise. Further, the court recognized that the insurer cannot be held independently liable without the liability of the insured first being established. But, the court went on to explain that an insured can be "legally liable" for the plaintiff's damages, even though he cannot be cast in judgment due to his release from liability. Ultimately, the First Circuit held that the settlement between the plaintiff and the individual defendant, resulting in his release, did not bar the plaintiff's right to pursue a claim against the non-settling insurer. Id.
As in Sumrall and Finnie, Justin sought to release the insured while reserving his rights to pursue his claim against the insurer. We agree with the holdings of the Third and First Circuits and find that Justin succeeded in reserving his right of action against Great American. The Receipt and Release executed specifically stated that Justin was reserving his claims against Star Service, Inc., Star LLC, Bloomer and Bryant, to the extent they were insured by Great American, or another insurer other than St. Paul. Thus, we find the trial court erred in granting the exception of no right of action filed by Great American.
Accordingly, we reverse the judgment of the trial court, deny the exception of no right of action and remand this matter to the trial court for further proceedings.

REVERSED.
DALEY, J., concurs with result.